IN THE

# United States District Court for the Eastern District of North Carolina

Southern Division

| | | |
|---|---|---|
| ANDREW U. D. STRAW,<br>*Plaintiff,* | )<br>)<br>) | Case#: 7:23-cv-00162-BO-BM |
| | ) | Hon. Terrence Boyle |
| v. | )<br>) | Judge Presiding<br>Hon. Brian Meyers |
| UNITED STATES OF AMERICA,<br>*Defendant.* | )<br>)<br>) | Magistrate Judge |
| | ) | JURY TRIAL DEMANDED |

## ORDER

The Court, being advised in the premises, hereby makes these findings and orders:

**DECLARATIONS OF LAW**

Under FRCP Rule 57 and 28 U.S.C. § 2201, the Court may make declarations of law that assist with providing justice. Straw's declarations are in the interest of justice and so this Court will declare them.

1. The Court declares that any dependent of a Camp LeJeune or MCAS New River veteran who was stationed there during the 1953 to 1987 toxic water time is deemed to have been exposed every day that the veteran was exposed because the base and its amenities were fully open and accessible to the dependents as a result of that family relationship with the veteran.

2. The Court declares that as a matter of law, bipolar disorder is a condition covered by the Camp LeJeune Justice Act because PCE exposure causes it to a level **at least as likely as not**, which is the evidentiary standard in CLJA.

13

3. The Court declares that all negative consequences of Camp LeJeune infant brain damage resulting in bipolar disorder must be compensated fully. This includes needing hospital stays, doctors, medicines, and car accidents being more likely, and discrimination in its fullest sense.

4. The Court declares that state and federal courts have traditionally frowned on lawyers having bipolar and discriminated against them. Ind. Adm. & Disc. Rule 23, Sections 2(c) & 3(b) is Indiana's ban on all disabled people being lawyers. *Tennessee v. Lane*, 541 U.S. 509, 511, 525, 531 (2004) explained that state courts have discriminated based on disability back to the Founding Era. The Court declares that Indiana discriminates against those with mental and physical disabilities and used its ban to burden Andrew U. D. Straw. *Straw v. LinkedIn*, 5:22-cv-7718-EJD (N.D. Cal.) (**Dkts. 22, 22-1 to 22-58, & Dkt. 43**).

5. The Court takes judicial notice and declares that Straw's disability work in federal court without any sanction resulted in Indiana's retaliation and subsequent removal of 5 law licenses. This declaration is made not to overturn anything another court has done, but to assign liability to the United States under CLJA and to enhance the damages under this law accordingly when discrimination is rampant against those with bipolar disorder.

6. The Court declares that bipolar disorder is an "eggshell skull" type of condition of the emotions and pain and that other injuries are more painful as a result, as a matter of law for all purposes.

14

Case 7:23-cv-00162-BO-BM   Document 9-2   Filed 04/05/23   Page 2 of 3

## FINDINGS AND HOLDINGS

- Mr. Straw was born at Camp LeJeune Naval Hospital and was present for over 30 days on that base as an infant and *in utero* from 1968 to 1970.

- Mr. Straw contracted bipolar disorder, an incurable brain disease, from Camp LeJeune toxic exposure to PCE.

- Bipolar disorder is associated in medical literature with PCE, one of the known contaminants present in the water at Camp LeJeune.

- Bipolar disorder is an extreme mental condition that causes suicide, extreme mental and physical pain, and reduces lifespan per the medical literature.

- Mr. Straw has proven all he needs to obtain a remedy under the Camp LeJeune Justice Act, Public Law 117-168, SEC. 804; 136 Stat. 1802-1804.

- **$51,000,000** is a reasonable amount to compensate for infant brain injury and others injured in their brains at birth have received such damage awards. https://www.chicagolawbulletin.com/jury-awards-50m-to-family-of-child-after-brain-injury-20181010

- **The jury trial right is waived because this full amount is being granted.**

WHEREFORE, the Declarations of Law are GRANTED and Summary Judgment is GRANTED at the amount sought in Count I of the operative complaint, **Dkt. 1**. Leave is given to amend the operative complaint later to add the additional count once the time is ripe in May 2023.

It is so ORDERED.

_____   _____
DATE                              Hon.