IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:23-cv-162

| | |
|---|---|
| ANDREW U.D. STRAW, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Defendant. | ) |

**UNITED STATES' CONSOLIDATED OPPOSITION TO
PLAINTIFF'S MOTION FOR DECLARATION OF LAW AND SUMMARY
JUDGMENT AND MOTION FOR INJUNCTION TO PROVIDE HEALTH COVERAGE**

Defendant United States of America hereby submits this Consolidated Opposition to Plaintiff Andrew Straw's Motion for Declaration of Law and Summary Judgment [Dkt. 10] and Motion for Injunction to Provide Health Coverage [Dkt. 9] (together, the "Motions"). In his Motions, Plaintiff asks the Court to grant him summary judgment, declaratory relief, and an injunction. However, Plaintiff's request for summary judgment does not comply with Local Rule 56.1, is premature, and fails as a matter of law. Likewise, Plaintiff's requests for declaratory relief and an injunction are inappropriate for this case. Accordingly, Plaintiff's Motions should be denied.

**NATURE OF THE CASE**

Plaintiff filed this personal injury action pursuant to the Camp Lejeune Justice Act of 2022 ("CLJA"), Pub. L. No. 117-168, § 804, 136 Stat. 1802, 1802-04 (2022).

1

**STATEMENT OF FACTS**

Plaintiff seeks $51 million in money damages for a variety of physical and mental injuries he alleges were caused by exposure to water at Camp Lejeune, including bipolar disorder, schizophrenia, and "autistic thinking." Dkt. 1, ¶¶ 114, 131; Dkt. 9, ¶¶ 4-5; Dkt. 10, ¶¶ 4-5, 49. Having exhausted his administrative remedies under the CLJA by allowing the Navy six months to consider his claim, Plaintiff filed this lawsuit on February 17, 2023.[1] Subsequently, on April 5, 2023, Plaintiff filed motions seeking summary judgment, declaratory relief, and an injunction.[2] Dkts. 9 & 10, *passim*. No case management or discovery has taken place in Plaintiff's case, and Plaintiff filed the motions before the United States even had an opportunity to answer Plaintiff's Complaint.

**ARGUMENT**

I. **Plaintiff's Request for Summary Judgment Should Be Denied.**

  A. Plaintiff did not comply with Local Rule 56.1.

Pursuant to Local Rule 56.1(a), "[a]ny motion for summary judgment pursuant to Federal Rule of Civil Procedure 56 shall be supported by a separate statement, in numbered paragraphs, of the material facts as to which the moving party contends there is no genuine dispute." "Courts in this district have enforced the local rules when a pro se plaintiff has failed to comply with Local Civil Rule 56.1." *Barclay v. USAA Gen. Indem. Co.*, No. 7:20-CV-249-M, 2023 WL 2773540, at *5 (E.D.N.C. Feb. 23, 2023) (Jones, M.J.) (collecting cases), *report and recommendation adopted*, 2023 WL 2733398 (E.D.N.C. Mar. 31, 2023) (Myers, J.). Here,

---

[1] On November 3, 2022, Plaintiff filed a second administrative claim seeking $5 million in property damage and $50 million pain and suffering for the suspension of his law licenses. That claim will be considered exhausted on or after May 3, 2023.

[2] During this time, Plaintiff has filed multiple other motions including a Motion for Leave to Proceed in Forma Pauperis [Dkt. No. 2], a Motion for Permission to Use CM/ECF and E-File [Dkt. 7], and a Motion to Exclude DOJ Attorneys [Dkt. 8].

2

Plaintiff did not submit a separate statement of facts to support his request for summary judgment. Instead, he combined claimed "indisputable facts" with argument and failed to support his statements with citations to admissible evidence, as required by Fed. R. of Civ. P. 56(c) and Local Rule 56.1(a)(4). Accordingly, Plaintiff's request for summary judgment should be denied for failure to comply with Local Rule 56.1.[3]

    B. <u>Plaintiff's Request for Summary Judgment Is Premature</u>.

Under Fed. R. Civ. P. 56, summary judgment is only appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Additionally, "[a]s a general rule, summary judgment is appropriate only after 'adequate time for discovery.'" *Williams v. Haigwood*, No. 5:08-CT-3138-BO, 2011 WL 5591588, at *1 (E.D.N.C. Nov. 15, 2011) (Boyle, J.) (quoting *Evans v. Techs. Applications & Serv. Co.*, 80 F.3d 954, 961 (4th Cir. 1996)). Fed. R. Civ. P. 56(d)(1) provides that a "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may . . . defer considering the motion or deny it." Moreover, "[u]nder Rule 56(d), a court may delay ruling on a motion for summary judgment if the nonmoving party requires discovery to identify 'facts essential to justify the party's opposition.'" *Danser v. Stansberry*, No. 5:08-CT-3116-BO, 2011 WL 5526061, at *3 (E.D.N.C. Nov. 14, 2011) (Boyle, J.) (quoting *Crawford–El v. Britton*, 523 U.S. 574, 599 n. 20 (1998)). The relevant question under Rule 56(d) is "whether the party seeking to defer a ruling on that motion had reasonable opportunity to conduct essential discovery." *Hodgin v. UTC Fire & Sec. Americas Corp.*, 885 F.3d 243, 250 (4th Cir. 2018) ("[T]to protect

---

[3] In the alternative and pursuant to Local Rule 56.1(b), the United States requests an exemption from the requirements of Local Rule 56.1(a)(2) under the circumstances presented. Because Plaintiff did not submit a separate statement of material facts, the United States cannot respond in accordance with Local Rule 56.1(a)(2).

3

the nonmovant from a premature grant of summary judgment, Rule 56(d) requires a court to defer ruling on a summary-judgment motion until the nonmovant has had a reasonable opportunity to discover information that is essential to its response."). As the Fourth Circuit stated in reversing a premature grant of summary judgment, "[s]ummary judgment before discovery forces the non-moving party into a fencing match without a sword or mask." *McCray v. Maryland Dep't of Transp.*, 741 F.3d 480, 483 (4th Cir. 2014). Allowing discovery in the face of a summary judgment motion is "broadly favored and should be liberally granted in order to protect non-moving parties from premature summary judgment motions." *Haworth, Inc. v. Janumpally*, No. 5:17-CV-423-FL, 2019 WL 2338529, at *3 (E.D.N.C. May 31, 2019) (Flanagan, J.) (quoting *McCray*, 741 F.3d at 484).

Here, no case management or discovery has taken place. Discovery is essential for the United States to respond to Plaintiff's Motions. In order to respond, the United States would need an opportunity to engage in meaningful fact and expert discovery about Plaintiff's medical condition, medical history, and details about his alleged exposure to contaminated water at Camp Lejeune to assess causation under the CLJA, as well as his alleged damages. *See* Ex. 1, Anwar Decl. Accordingly, Plaintiff's request for summary judgment is premature and should be denied under Fed. R. Civ. P. 56(d)(1).

  C. <u>Plaintiff Has Not Carried His Burden on Causation.</u>

Even if Plaintiff's summary judgment motion complied with Local Rule 56.1 and were not premature, Plaintiffs' motion should be denied because he failed to carry his burden on an essential element of his claims. On a summary judgment motion, the moving party bears the burden of demonstrating the absence of a genuine issue of material fact. *Keith v. Johns*, No. 5:09-HC-2130-BO, 2011 WL 195571, at *1 (E.D.N.C. Jan. 19, 2011) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)). In reviewing a motion for summary judgment, "[t]he Court

4

must view the facts and the inferences drawn from the facts in the light most favorable to the non-moving party." *Pittman v. Safelite Glass Corp.*, No. 4:12-CV-259-BO, 2014 WL 5170942, at *1 (E.D.N.C. Oct. 14, 2014) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587–88 (1986)).

The CLJA explicitly places the burden of proving causation "on the party filing the action." CLJA § 804(c)(1). A plaintiff must prove both general causation and specific causation in a toxic tort case. *See, e.g.*, *Westberry v. Gislaved Gummi AB*, 178 F.3d 257 (4th Cir. 1999) ("In order to carry the burden of proving a plaintiff's injury was caused by exposure to a specified substance, the plaintiff must demonstrate the levels of exposure that are hazardous to human beings generally as well as the plaintiff's actual level of exposure."); *Rhyne v. U.S. Steel Corp.*, 474 F. Supp. 3d 733, 742 (W.D.N.C. 2020) ("To succeed on their claims, Plaintiffs must prove both general causation and specific causation."); *Yates v. Ford Motor Co.*, No. 5:12–CV–752–FL, 2015 WL 3463559, at *2 (E.D.N.C. May 30, 2015) (Flanagan, J.) ("To satisfy the element of causation that is required for plaintiffs' negligence and failure to warn claims, plaintiffs must demonstrate both that exposure to asbestos can cause mesothelioma as a general matter (i.e. 'general causation'), and that Graham Yates's specific instances of exposure were the cause of his own mesothelioma (i.e. 'specific causation').").

Significantly, North Carolina, like the other forty-nine states, requires expert testimony to prove causation where the causal relationship is beyond common knowledge. *Holley v. ACTS, Inc.*, 581 S.E.2d 750, 753 (N.C. 2003) (internal citation omitted) ("In cases involving 'complicated medical questions far removed from the ordinary experience and knowledge of laymen, only an expert can give competent opinion evidence as to the cause of the injury.'"); *In re Lipitor (Atorvastatin Calcium) Mktg., Sales Practices & Prods. Liab. Litig.*, 892 F.3d 624, 647

5

(4th Cir. 2018) (stating "all fifty states typically require expert testimony to prove causation where the causal relationship is outside the common knowledge of lay jurors") (quoting I*n re Mirena IUD Prods. Liab. Litig.*, 713 Fed. App'x. 11, 15 (2d Cir. 2017)).

Here, Plaintiff alleges that he suffered various physical and mental injuries caused by his exposure to contaminated water at Camp Lejeune. Dkt. 1, ¶¶ 114, 131; Dkt. 9, ¶¶ 4-5; Dkt. 10, ¶¶ 4-5, 49. In cases like this involving complex questions about general and specific causation, expert testimony is required. *See, e.g., Figgs v. United States*, No. 5:23-cv-00078-D-BM, Dkt. 9 (E.D. N.C. Mar. 20, 2023) (Dever, J.) (setting status conference in CLJA case to discuss "identity of expert witnesses on general causation and specific causation."). Plaintiff did not submit expert testimony with his request for summary judgment. Without expert testimony, Plaintiff's claims fail as a matter of law. *See, e.g., Blackmon v. G.UB.MK Constructors*, No. 7:14-CV-258-D, 2016 WL 8674646, at *3 (E.D.N.C. Nov. 11, 2016) (Dever, J.) ("[Plaintiff] has failed to provide any expert testimony to support his claim. Accordingly, the court grants summary judgment to the defendants."). Accordingly, Plaintiff's request for summary judgment should be denied.

## II. Plaintiff's Requests for Declaratory and Injunctive Relief Should Be Denied.

Declaratory and injunctive relief are unavailable under the CLJA. "A waiver of the Federal Government's sovereign immunity must be unequivocally expressed in statutory text" and "will be strictly construed, in terms of its scope, in favor of the sovereign." *Lane v. Pena*, 518 U.S. 187, 192 (1996). While the CLJA allows claimant to "obtain appropriate relief," the CLJA's statutory language does not specifically provide for declaratory or injunctive relief, *see* CLJA § 804, *passim*, and Plaintiff cites no precedent allowing an award of declarative or

6

Case 7:23-cv-00162-BO-BM   Document 16   Filed 04/24/23   Page 6 of 10

injunctive relief in any tort action against the United States. Plaintiff's request for declaratory relief and an injunction should be denied for this reason alone.

Regardless, neither declaratory relief nor an injunction is appropriate in this case. Declaratory judgment actions are governed by 28 U.S.C. § 2201 and Federal Rule of Civil Procedure 57. "A declaratory judgment under that statute is only appropriate when the judgment will serve a useful purpose in clarifying and settling the legal relations in issue, and . . . when it will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding." *Steves and Sons, Inc. v. JELD-WEN, Inc.*, No. 3:16-cv0545, 2018 WL 6441248, at *2 (E.D. Va. Dec. 7, 2018) (internal quotation marks omitted). Thus, "[w]here a declaratory judgment would not clarify future legal relations between the parties, the action serves no useful purpose and courts will not entertain it." *Davison v. Plowman*, 247 F. Supp. 3d 767, 782 (E.D. Va. 2017), *aff'd*, 715 F. App'x 298 (4th Cir. 2018). Moreover, "a declaratory judgment may not be given for a purely hypothetical situation." *Marina One, Inc. v. Jones*, 22 F. Supp. 3d 604, 609 (E.D. Va. 2014).

Here, Plaintiff asks the Court to make a number of general, unsupported, and/or unrelated "declarations of law." Dkt. 10, ¶¶ 30–35. For example, Plaintiff seeks a declaration that "Indiana discriminates against those with mental and physical disabilities." *Id*. at ¶ 34. Plaintiff also seeks a declaration that "bipolar disorder is an 'eggshell skull' type of condition." *Id*. at 35. The declarations sought by Plaintiff would not clarify or settle the future legal relations between the parties in his case or resolve his CLJA action seeking money damages. Accordingly, the Court should deny Plaintiff's request for declaratory relief.

Likewise, "[a] preliminary injunction is an extraordinary and drastic remedy." *Bernstein v. Sims*, No. 5:22-CV-277-BO, 2022 WL 17365233, at *3 (E.D.N.C. Dec. 1, 2022) (Boyle, J.)

(quoting *Munaf v. Geren*, 553 U.S. 674, 689 (2008)). "A plaintiff seeking a preliminary injunction must demonstrate 'that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.'" *Di Biase v. SPX Corp.*, 872 F.3d 224, 230 (4th Cir. 2017) (quoting *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)). "Each of these four requirements must be satisfied." *Taliaferro v. N. Carolina State Bd. of Elections*, 489 F. Supp. 3d 433, 437 (E.D.N.C. 2020) (quoting *Mountain Valley Pipeline, LLC v. W. Pocahontas Props. Ltd. P'ship*, 918 F.3d 353, 366 (4th Cir. 2019)).

"Where the harm suffered by the moving party may be compensated by an award of money damages at judgment, courts generally have refused to find that harm irreparable." *Hughes Network Sys., Inc. v. InterDigital Commc'ns Corp.*, 17 F.3d 691, 694 (4th Cir. 1994); *see also Sampson v. Murray*, 415 U.S. 61, 90 (1974) ("The possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm."). Therefore, "[t]o establish irreparable harm, the party seeking a preliminary injunction must demonstrate an injury that cannot be effectively remedied by an award of monetary damages." *Buyer's Direct, Inc. v. Belk, Inc.*, No. 5:10-CV-65-H, 2011 WL 13150442, at *1 (E.D.N.C. Aug. 11, 2011).

Here, Plaintiff seeks an injunction directing the government to pay for healthcare costs. Dkt. 9, *passim*. However, Plaintiff has not demonstrated the likelihood of success on the merits of his case. Nor has he demonstrated that the balance of equities tips in his favor or that an injunction is in the public interest. Moreover, Plaintiff is already seeking $51 million in money damages in this lawsuit, which demonstrates that the irreparable harm requirement to justify an injunction has not been satisfied. Dkt. 1, ¶ 131; Dkt. 10, ¶ 49.

Accordingly, the Court should deny Plaintiff's request for an injunction.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motions should be denied.

DATED this 24 day of April, 2023.

Respectfully submitted,

BRIAN BOYNTON
Principal Deputy Assistant Attorney General
Civil Division

J. PATRICK GLYNN
Director, Torts Branch
Environmental Torts Litigation Section

BRIDGET BAILEY LIPSCOMB
Assistant Director, Torts Branch
Environmental Torts Litigation Section

ADAM BAIN
Senior Trial Counsel, Torts Branch
Environmental Torts Litigation Section

ELIZABETH PLATT
Trial Attorney, Torts Branch
Environmental Torts Litigation Section

*/s/ Haroon Anwar*
HAROON ANWAR
Trial Attorney, Torts Branch
Environmental Torts Litigation Section
U.S. Department of Justice
P.O. Box 340, Ben Franklin Station
Washington, D.C. 20044
E-mail: haroon.anwar@usdoj.gov
Telephone: (202) 305-3661
Fax: (202) 616-4473

Attorney inquiries to DOJ regarding the
Camp Lejeune Justice Act:
(202) 353-4426

9

**CERTIFICATE OF SERVICE**

 I hereby certify that on April 24, 2023, a copy of the foregoing Opposition to Plaintiff's Motion for Declaration of Law and Summary Judgment and Motion for Injunction to Provide Health Coverage was filed via the Court's ECF system and served on counsel of record through the ECF system.

           */s/ Haroon Anwar*
           HAROON ANWAR