IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:23-cv-00162-BO-BM

| | |
|---|---|
| ANDREW U.D. STRAW, | ) |
| Plaintiff, | ) |
| v. | ) UNITED STATES' ANSWER TO FIRST |
| | ) AMENDED COMPLAINT |
| UNITED STATES OF AMERICA, | ) |
| Defendant. | ) |

Defendant United States of America ("Defendant" or "USA" or "United States") responds as follows to Plaintiff's First Amended Complaint, Dkt. No. 25. All paragraph references are to the First Amended Complaint. All allegations not explicitly admitted are denied.

## FACTS

1. The United States admits that on August 10, 2022, the President signed into law the Honoring our PACT Act of 2022, which incorporates Section 804 the Camp Lejeune Justice Act ("CLJA"). The United States admits that Plaintiff filed this personal injury action pursuant to the CLJA. The United States denies any remaining allegations in Paragraph 1.

2. The United States incorporates by reference its Answer to Plaintiff's original Complaint, Dkt. 17, as if fully set forth herein. The United States denies any remaining allegations in Paragraph 2.

3. The United States denies the allegations in Paragraph 3.

1

4. The United States denies the allegations in Paragraph 4.

5. The United States denies the allegations in Paragraph 5.

6. The United States denies the allegations in Paragraph 6.

7. The United States admits the allegations in Paragraph 7.

8. The United States admits that on May 8, 2023, Plaintiff filed a Petition to serve on Plaintiffs' Steering Committee, Dkt. 24. The United States is without knowledge sufficient to admit or deny the remaining allegations in Paragraph 8.

**COUNT II: LAW LICENSE AND CAREER DAMAGES FROM BIPOLAR CAUSED BY CAMP LEJEUNE POSIONING**

9. The United States is without knowledge sufficient to admit or deny the allegations in Paragraph 9.

10. The United States is without knowledge sufficient to admit or deny the allegations in Paragraph 10.

11. The United States denies the allegations in Paragraph 11.

12. The United States admits that on November 3, 2022, Plaintiff filed a second administrative claim seeking $55 million in damages for the suspension of his law licenses. The United States is without knowledge sufficient to admit or deny the allegations in Paragraph 12.

13. The United States admits that on November 3, 2022, Plaintiff filed a second administrative claim seeking $55 million in damages for the suspension of his law licenses. The United States admits that second administrative claim was considered exhausted on or after May 3, 2023. The United States denies any remaining allegations in Paragraph 13.

14. The United States denies the allegations in Paragraph 14.

15. The United States admits that venue lies exclusively in the United States District Court for the Eastern District of North Carolina under the PACT Act § 804(d). The United States denies that PACT Act § 804(d) or 28 U.S.C. § 1331 creates subject matter jurisdiction. The United States denies the remaining allegations in Paragraph 15.

16. The United States admits the allegations in Paragraph 16.

17. The United States denies the allegations in Paragraph 17.

## AFFIRMATIVE DEFENSES

For its affirmative defenses, the United States asserts:

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's First Amended Complaint fails to state a claim upon which relief can be granted against the United States.

### SECOND AFFIRMATIVE DEFENSE

No act or omission by the United States was the proximate cause of any injury, loss, or damage to Plaintiff.

### THIRD AFFIRMATIVE DEFENSE

The injuries, loss, or damage alleged in Plaintiff's First Amended Complaint were proximately caused by the intervening or superseding act or acts of a party or parties, other than an officer, agent, servant, or employee of United States.

### FOURTH AFFIRMATIVE DEFENSE

The United States' liability, if any, is limited to the same manner and to the same extent as a private individual under like circumstances.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's recovery, if any, is limited to compensatory damages.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's recovery, if any, is limited to the amount stated in the administrative claim, and any relief requested over and above that amount is barred.

## SEVENTH AFFIRMATIVE DEFENSE

The United States is entitled to a setoff or credit for the amount paid and the value of services rendered to Plaintiff by any disability award, payment, or benefit provided to the individual or legal representative, including but not limited to any award, payment, or benefit provided under any program under the laws administered by the Secretary of Veterans Affairs, under the Medicare program under title XVIII of the Social Security Act, or under the Medicaid program under title XIX of the Social Security Act.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff is barred from recovering for services or care which the United States has already paid.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred to the extent they accrued after August 10, 2022.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to relief for future injury or damages, including medical monitoring, that are not related to an injury accruing before August 10, 2022.

## ELEVENTH AFFIRMATIVE DEFENSE

To the extent that the evidence shows that Plaintiff voluntarily assumed the risks of the occasion, any recovery is barred by Plaintiff's assumption of risk.

## TWELFTH AFFIRMATIVE DEFENSE

To the extent that the evidence shows that Plaintiff's negligence contributed to the cause of any injury, loss, or damage, any recovery is barred, in whole or in part, by Plaintiff's contributory or comparative negligence.

## THIRTEENTH AFFIRMATIVE DEFENSE

To the extent that the evidence shows that Plaintiff failed to exercise reasonable care and diligence to avoid or lessen the consequences of any injury, loss, or damage, any recovery incident to such failure is barred by Plaintiff's failure to mitigate damages.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred to the extent any injuries, loss, or damage suffered by the Plaintiff are the direct and proximate result of negligence or other fault on the part of third parties, and not of the United States.

## FIFTEENTH AFFIRMATIVE DEFENSE

The United States is entitled to contribution or indemnity from any culpable third parties.

## SIXTEENTH AFFIRMATIVE DEFENSE

To the extent the evidence shows that Plaintiff's claims arise out of the combatant activities of the Armed Forces, any recovery is barred by the combatant activities exception of the Camp Lejeune Justice Act.

## SEVENTEENTH AFFIRMATIVE DEFENSE

The United States reserves the right to plead and prove additional defenses and affirmative defenses as they become known during discovery and litigation.

Dated: May 22, 2023

Respectfully Submitted,

        BRIAN BOYNTON
        Principal Deputy Assistant Attorney General
        Civil Division

        J. PATRICK GLYNN
        Director, Torts Branch

        BRIDGET BAILEY LIPSCOMB
        Assistant Director

        ADAM BAIN
        Senior Trial Counsel

        ELIZABETH PLATT
        ALLISON M. O'LEARY
        Trial Attorneys

        */s/ Haroon Anwar*
        HAROON ANWAR
        Indiana Bar No. 29135-53
        Trial Attorney, Torts Branch
        Environmental Tort Litigation Section
        United States Department of Justice
        P.O. Box 340, Ben Franklin Station
        Washington, D.C. 20044
        E-mail: haroon.anwar@usdoj.gov
        Telephone: 202-305-3661
        Fax: 202-616-4473

        Attorney inquiries to DOJ regarding CLJA:
        (202) 353-4426

# CERTIFICATE OF SERVICE

I hereby certify that on May 22, 2023, a copy of the foregoing document was served by operation of the court's electronic filing system and can be accessed through that system.

/s/ Haroon Anwar
HAROON ANWAR