IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:23-cv-162

| | |
|---|---|
| ANDREW U.D. STRAW, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Defendant. | ) |

## UNITED STATES' CONSOLIDATED OPPOSITION TO PLAINTIFF'S THIRD MOTION FOR SUMMARY JUDGMENT AND SECOND MOTION TO STRIKE

The Court should deny Plaintiff's Third Motion for Summary Judgment [Dkt. 31] for the same reasons that it should deny Plaintiff's Second Motion for Declaration of Law and Summary Judgment [Dkt. 20] and Plaintiff's [First] Motion for Declaration of Law and Summary Judgment [Dkt. 10]. The United States incorporates by reference its prior Consolidated Oppositions [Dkts. 16 and 28] as if fully set forth herein. Like his prior two motions for summary judgment, Plaintiff's Third Motion for Summary Judgment: (1) does not comply with the requirement of Local Rule 56.1 to properly support an assertion of fact; (2) is premature; and (3) fails as a matter of law for lack of expert testimony on causation.[1]

---

[1] As outlined in the United States' prior Consolidated Opposition, Plaintiff is required to prove general and specific causation with expert testimony in this toxic tort case. *See*, *e.g.*, *Westberry v. Gislaved Gummi AB*, 178 F.3d 257 (4th Cir. 1999) ("In order to carry the burden of proving a plaintiff's injury was caused by exposure to a specified substance, the plaintiff must demonstrate the levels of exposure that are hazardous to human beings generally as well as the plaintiff's actual level of exposure."); *In re Lipitor (Atorvastatin Calcium) Mktg., Sales Practices & Prods. Liab. Litig.*, 892 F.3d 624, 647 (4th Cir. 2018) ("[A]ll fifty states typically require expert testimony to provide causation where the causal relationship is outside the common knowledge

1

In support of his Third Motion for Summary Judgment, Plaintiff attempts to rely once again on requests for admission to which the United States had no obligation to respond because they were not properly served on the United States. *See* Dkt. 33, *passim*. Both sets of requests for admission upon which Plaintiff attempts to rely were unsigned, undated, and not properly served because they were emailed to counsel for the United States without written consent. *See* FRCP 5(b)(2)(E) & (F) (requiring a party's written consent to effectuate service by electronic means other than the court's electronic-filing system).[2] Regardless, the 30-day period to respond to properly served discovery does not begin until after a Rule 26(f) conference has taken place. *See* FRCP 26(d)(1) ("A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order."). No Rule 26(f) conference has taken place in this case; Plaintiff's action is not a proceeding exempted from initial disclosure under Rule 26(a)(1)(B); and Plaintiff has not obtained permission from this Court to seek discovery prior to a Rule 26(f) conference. Thus, Plaintiff's requests for admissions were not admitted, and his reliance on them is improper.

Likewise, the Court should deny Plaintiff's "Motion to Strike Dkt. 27 Answer to FAC and Dkt. 17 Affirmative Defenses." [Dkt. 33.] "Motions to strike are generally disfavored in this circuit…'because striking a portion of a pleading is a drastic remedy and because it is often

---

of lay jurors."). Without expert testimony, his claims fail as a matter of law. *See* Consolidated Opposition, Dkt. 16, pp. 4-6.

[2] On May 8, 2023, Plaintiff also filed a copy of his unsigned and undated requests for admission. *See* Dkt. 22. Filing written discovery on the docket directly violates Local Rule 26.1(a), which states that "[d]iscovery materials, including . . . requests for admissions, and answers and responses thereto are not to be filed unless by order of the court or for use in the proceedings. All such papers must be served on other counsel or parties entitled to service of papers filed with the clerk."

sought by the movant simply as a dilatory tactic.'" *Johnson v. Wal-Mart Associates, Inc.*, No. 5:21-CV-198, 2021 WL 2954404, at *1 (E.D. N.C. Jul. 13, 2021) (Boyle, J.) (quoting *Waste Mgmt. Holdings, Inc. v. Gilmore*, 252 F.3d 316, 347 (4th Cir. 2001)). The Court should deny this second Motion to Strike filed by Plaintiff for the same reasons that it should deny his first Motion to Strike [Dkt. 26], and the United States incorporates by reference its prior Consolidated Opposition [Dkt. 28] as if fully set forth herein. Once again, Plaintiff argues that the United States' Answer should be stricken based on his mistaken belief that the aforementioned requests for admission were deemed admitted, but they were not. *See* Dkt. 33, pp. 1-3. Like before, Plaintiff also argues that the "without knowledge" responses in the United States' Answer were improper because he emailed various documents to counsel for the United States, including copies of his birth certificate, passport, correspondence related to his administrative claim, and various medical records related to his mental health. *Id*. However, the United States' responses were based on its lack of personal knowledge about the details of Plaintiff's allegations, and simply receiving records from Plaintiff in support of his claims does not impute personal knowledge to the United States. Regardless, none of the medical records that Plaintiff emailed appear to connect his claimed injuries to exposure to contaminated water at Camp Lejeune.

Plaintiff's second Motion to Strike also asks the Court to strike affirmative defenses pled by the United States. *See* Dkt. 33, pp. 3-8. The Court should deny Plaintiff's second Motion to Strike for the same reasons that the Court denied 122 other motions to strike affirmative defenses. *See, e.g.*, June 26, 2023, Text Order, *Akers v. United States*, Case No. 7:23-cv-00120-BO ("[A]t this stage in the overall Camp Lejeune Justice Act proceedings, the Court will not strike any affirmative defenses at this time.") (Boyle, J.). The United States incorporates by reference its responses to those motions to strike as if fully set forth herein. *See, e.g.*, United

States' Response to Plaintiff's Motion to Strike, *Akers v. United States*, Case No. 7:23-cv-00120-BO, Dkt. 28. Plaintiff's second Motion to Strike makes the same or similar arguments to the motions to strike affirmative defenses already denied by this Court, and likewise should be denied.

For the foregoing reasons and to allow for consolidated case management procedures contemplated by the April 25, 2023, and June 20, 2023, orders signed by all four active District Judges, *see In re: Camp Lejeune Water Litigation*, No. 7:23-cv-00897-RJ, at Dkts. 1 and 6, this Court should deny Plaintiff's Third Motion for Summary Judgment, Second Motion to Strike, and all of Plaintiff's remaining pending Motions.

DATED this 3rd day of July, 2023.

Respectfully submitted,

BRIAN BOYNTON
Principal Deputy Assistant Attorney General
Civil Division

J. PATRICK GLYNN
Director, Torts Branch
Environmental Torts Litigation Section

BRIDGET BAILEY LIPSCOMB
Assistant Director, Torts Branch
Environmental Torts Litigation Section

ADAM BAIN
Senior Trial Counsel, Torts Branch
Environmental Torts Litigation Section

ELIZABETH PLATT
ALLISON M. O'LEARY
Trial Attorneys, Torts Branch
Environmental Torts Litigation Section

*/s/ Haroon Anwar*
HAROON ANWAR
Trial Attorney, Torts Branch

Environmental Torts Litigation Section
U.S. Department of Justice
P.O. Box 340, Ben Franklin Station
Washington, D.C. 20044
E-mail: haroon.anwar@usdoj.gov
Telephone: (202) 305-3661
Fax: (202) 616-4473

Attorney inquiries to DOJ regarding the
Camp Lejeune Justice Act:
(202) 353-4426

## CERTIFICATE OF SERVICE

I hereby certify that on July 3, 2023, a copy of the foregoing United States' Consolidated Opposition to Plaintiff's Third Motion for Summary Judgment and Second Motion to Strike was filed and served through the Court's ECF system.

*/s/ Haroon Anwar*
HAROON ANWAR