RECEIVED
AUG 22 2023
PETER A. MOORE, JR., CLERK
US DISTRICT COURT, EDNC

IN THE

# United States District Court for the Eastern District of North Carolina

Southern Division

| | |
|---|---|
| ANDREW U. D. STRAW, *Plaintiff,* | Case#: 7:23-cv-162-BO-BM |
| v. | Hon. Terrence Boyle<br>Judge Presiding |
| UNITED STATES OF AMERICA, *Defendant.* | Hon. Brian Meyers<br>Magistrate Judge |
| | JURY TRIAL DEMANDED |

### NOTICE OF COMPLETED *LIS* JUSTIFYING DKT. 25'S COUNT II

COMES NOW, *pro se Plaintiff* ANDREW U. D. STRAW (hereinafter "Plaintiff"), individually, hereby make this NOTICE:

### FACTS

1. I am a Camp LeJeune poisoning victim. I was born there and exposed for 583 days, 1968-1970, and contracted illnesses and conditions that are associated with the base toxins.

2. My second count, **Dkt. 25**, in based on Indiana discriminating against me on the basis of my mental disabilities from Camp LeJeune poisoning. I have demanded that the State of Indiana pay me property compensation for the loss of 5 law licenses to the abuses of my former employer, the Indiana Supreme Court, but the Indiana Court of Appeals on **August 15, 2023**, decided that a lawyer cannot ask property compensation when the state supreme court takes a law license.

3. That is considered to be "relitigating" the suspension.

4. I asked rehearing, but I don't expect justice when the chief justice of Indiana is biased against people with mental illness due to her past experience with a mentally ill GAL client of hers. That client broke into her house and attempted to kill her husband by choking. He was convicted of attempted murder.

5. This chief justice, biased, should have recused in my case but chose not to. Instead, she chose to force this down my throat as though I did something to her, which I did not. She coordinated her staff and agencies against me, breaking the rules as she went with no one brave enough to stop her.

6. My case should have been **deemed dismissed** in 2016 because the rules state that any investigation is "deemed dismissed" if the verified complaint is not made within 12 months. The verified complaint in my case was made **after 12 months** without any excuse or request for more time.

7. Due process in my case was not followed. http://dueprocess.andrewstraw.com

8. No mitigating fact was considered. http://mitigation.andrewstraw.com

9. My being a crime victim was not considered. http://crime.andrewstraw.com

10. It was a farce, designed to punish me for making a disability-related complaint to the Supreme Court ADA coordinator. The suspension has now lasted 6.5 years even with me petitioning every months for over 78 months now against the injustice. The rules state that a 180-day suspension must end at that time, but I was given (illegally) BOTH 180 days AND an indefinite suspension.

11. My suspension was based on my actions in federal courts in which I was not sanctioned. Thus, the reciprocal suspension rules could not be used, so the justices in Indiana invented that Rule 3.1 (on "frivolous") could be used to impose suspension where the presiding courts did not suspend me even one day.

12. I was disabled from public service and the crimes of others. I am a crime victim like Chief Justice Loretta Rush, but she treats me as a criminal, acting dishonestly herself in hurting me. I have no criminal record and was not accused of any dishonest act. Everyone forgets this and federal courts, confused by it, have compared me to a lawyer who committed crimes.

13. Judges can engage in defamation and there is not a thing I can do about it. *Stump v. Sparkman*, 435 U.S. 349 (1978).

14. http://disability.andrewstraw.com

15. http://organs.andrewstraw.com

16. Indiana in irrationally violating me and refusing my state and federal constitutional property rights in 5 law licenses simply confirms that my Count II is justified in full. Indiana will not pay the $5 million it owes me, so the United States must do so under CLJA because the roots of this are my Camp LeJeune bipolar disorder. Even the Indiana Supreme Court ADA coordinator mentioned my mental disability in setting that discriminatory tragedy in motion in 2014.

3

17. I must have the $5 million plus the $50,000,000 I claim in Dkt. 25 on top. It is my wish that the United States Department of Justice should go after Indiana and seek reimbursement for the full $55,000,000.

18. That would please me to no end.

19. **PROPERTY RIGHTS DENIAL**: *Straw v. Indiana*, 23A-PL-775 (Ind. Ct. App. 8/15/2023).

WHEREFORE, I make this NOTICE of an official Indiana appellate court order that fully justifies my Count II here. **Dkt. 25**.

I, *pro se plaintiff* Andrew U. D. Straw, verify that the above factual contentions and statements are true and correct to the best of my knowledge, information, and belief, on penalty of perjury. Signed: **August 15, 2023**.

Respectfully,

*[signature: Andrew U. D. Straw]*

s/ ANDREW U. D. STRAW

712 H ST NE, PMB 92403
Washington, D.C. 20002
Telephone: (847) 807-5237
andrew@andrewstraw.com

4

## CERTIFICATE OF SERVICE

I, Andrew U. D. Straw, certify that on **August 15, 2023**, I sent this **NOTICE**. I sent this document via U.S. Mail to the Clerk of Court on **August 15, 2023**. CM/ECF will serve the defendants when the Clerk scans this document.

Respectfully submitted,

*/s/* ANDREW U. D. STRAW
*Pro Se Plaintiff*
712 H ST NE, PMB 92403
Washington, D.C. 20002

Telephone: (847) 807-5237
andrew@andrewstraw.com