IN THE

# United States District Court for the Eastern District of North Carolina

Southern Division

| | |
|---|---|
| IN RE: | Case#: 7:23-cv-897 |
| CAMP LEJEUNE WATER LITIGATION | |
| This Document Relates to: | RESPONSE NOTICE |
| ALL CASES | RE: DKT. 13 |

### NOTICE OF PRO SE LITIGANT'S POSITION ON CONSOLIDATION AND ELEMENTS

COMES NOW, *pro se Plaintiff* ANDREW U. D. STRAW (hereinafter "Plaintiff"), individually, hereby make this NOTICE:

### FACTS

1. I am a Camp LeJeune poisoning victim. I was born there and exposed for 583 days, 1968-1970, both *in utero* and as an infant, and contracted illnesses and conditions that are associated with the base toxins.

2. It appears from **Dkt. 13** that there will be wrangling over who the leadership is for the "consolidation" and the methods when the Court can make this painfully simple by adjudicating what the elements will be for CLJA claims.

3. The Court needs to state that there are **three elements**.

4. The **FIRST** element is 30 days of time aboard Camp LeJeune (1953-1987) including MCAS New River and the other areas of the base, whether as a **veteran** stationed there, a **civilian employee who worked there**, a **veteran's family member who came on board base** due to having a privilege card (like

mine and my mother's), or anyone else who can prove they were so connected to the base that they came onto it and were "otherwise exposed" for **30 days**.

5. The Court should make a declaration of law that any person who meets that 30-day requirement via documentation is deemed to have been poisoned by the Camp LeJeune water. No other proofs need to be provided. Declare it so we can move on from that point.

6. The **SECOND** element is **injury**. Medical records can show this, as can doctor statements. Discrimination can be *presumed* if mental illness or other disabilities are proven. There are so many anti-discrimination laws, it shows America is not a friendly place to those with disabilities, whether they come from the military or not. Even the state courts have been found to discriminate based on disability going back to the Founding of our Republic. *Tennessee v. Lane*, 541 U.S. 509, 511, 525, 531 (2004). Exposure to the base and its poisonous waters should give a person a right to be called a **"Camp LeJeune victim."** Exposure should give a person with a claim here the right to demonstrate association (equipoise level) for any health condition that a person even believes is caused by Camp LeJeune poisoning. It is the right of **every victim** to assert these associations and the proofs need merely be medical literature such as is found on Pubmed.gov and other like databases of medical studies. A person should be allowed to list every condition and provide URLS to supporting medical literature, or an expert's statement if such a person is available.

7. The Court should be very liberal in allowing victims (or their counsel) to list **ailments and effects and consequences** of having these disabilities and illnesses. A database can accommodate such lists, no matter how many conditions.

8. A victim should be allowed to update this information on a portal within a certain time span set by the Court. This is not unusual for settlements that gather claims online, such as 9/11 Victim Compensation Fund. www.vcf.gov

9. The **THIRD** element is **damages**. Obviously, the most a person can ask of the Navy is the amount on the administrative claim form presented to the Navy. However, unlike the FTCA, there is a jury trial right baked into the CLJA statute. A jury is not limited to that claim form and could offer even more compensatory damages if the jury finds it to be just.

10. The Court should assume that the amount claimed is the appropriate amount unless it is clear that the damage is grossly overestimated and not rationally related to the injury. Thus, a person with a mild non-fatal illness should not be granted the same amount as a wrongful death claim, generally speaking.

11. To make this litigation proceed rapidly rather than taking years, I would suggest to the Court to **assume** that all administrative claim amounts are appropriate unless the government asserts otherwise for a specific claim.

12. As a rule of thumb, the Court should state that if a claim is under $75,000,000, it will be granted, unless there is fraud or the injury is simply not reasonable on its face, and the government should be the one to assert that.

13. It should be the burden of the government to assert and **prove** that a damage award is unreasonable. The presumption should be reasonableness of all claims.
14. FINALLY, the government should be paying **all the attorney fees and costs of all Camp LeJeune victims**. The long delays of up to 70 years for this justice and the repeated DOJ and Navy refusals to cooperate and the nonsensical Affirmative Defenses that seek to nullify this law justify this relief.
15. Thus, the moaning of certain members of Congress that victims will not get their due as a result of high attorney contingent percentages will be set aside. No victim will be paying any attorney fee, if my recommendation is adopted.

WHEREFORE, in conclusion I say that there are three elements and the Court can make declarations speeding this along to a rapid resolution for victims who are dying each month that this drags on. EXPOSURE, INJURY, and DAMAGES. Victims can provide evidence of all 3 on a database along with direct deposit information. That is what this statute is about: SPEEDY justice. No wrangling or arguing or delay for any reason needs to happen. We need a database that any victim (*pro se* or represented) can access to provide what is needed for recovery. **The government lost when this law was passed**. MDL-2218 was a grand waste of time that can be forgotten now as justice is quickly delivered to these victims after the PROMISE of the PACT Act and CLJA.

I, *pro se plaintiff* Andrew U. D. Straw, verify that the above factual contentions and statements are true and correct to the best of my knowledge, information, and belief, on penalty of perjury. Signed: **August 17, 2023**.

Respectfully,

*/s/ Andrew U. D. Straw*

s/ ANDREW U. D. STRAW

712 H ST NE, PMB 92403
Washington, D.C. 20002
Telephone: (847) 807-5237
andrew@andrewstraw.com

## CERTIFICATE OF SERVICE

I, Andrew U. D. Straw, certify that on **August 17, 2023**, I sent this **NOTICE**. I sent this document via U.S. Mail to the Clerk of Court on **August 17, 2023**. CM/ECF will serve the defendants when the Clerk scans this document.

Respectfully submitted,

*/s/ Andrew U. D. Straw*

s/ ANDREW U. D. STRAW
*Pro Se Plaintiff*
712 H ST NE, PMB 92403    Telephone: (847) 807-5237
Washington, D.C. 20002    andrew@andrewstraw.com