IN THE

# United States District Court for the Eastern District of North Carolina

Southern Division

| | |
|---|---|
| **ANDREW U. D. STRAW,**<br>*Plaintiff,*<br><br>v.<br><br>**UNITED STATES OF AMERICA,**<br>*Defendant.* | Case#: 7:23-cv-162-BO-BM<br><br>Hon. Terrence Boyle<br>Judge Presiding<br>Hon. Brian Meyers<br>Magistrate Judge<br><br>JURY TRIAL DEMANDED |

## ORDER ON MOTION FOR DECLARATORY JUDGMENT REGARDING *RES JUDICATA*

The Court, being advised in the premises, makes the following findings and orders:

- Both the Indiana Supreme Court and the Virginia State Bar made final orders in 2017 regarding Mr. Straw's actions in federal courts in which Mr. Straw was not sanctioned in any of those federal courts, only criticized.
- Indiana suspended Mr. Straw for 180 days on **2/14/2017** and let the suspension continue for 80 months as of October 2023.
- Virginia State Bar rejected the Indiana suspension as excessive and held that Mr. Straw's actions would not be considered Rule 3.1 violations in Virginia, under a rule also modeled after the ABA Model Rules, like Indiana's Rule 3.1.
- Virginia's ORDER was dated **6/20/2017**.
- Thus, as a factual matter, VSB's ORDER (**Dkt. 49-2**) was **last in time**.

*Held:* This Court will issue a declaratory judgment under FRCP Rule 57 and under authority of 28 U.S.C. § 2201 because repeated references to Mr. Straw's suspension have a prejudicial effect. Virginia's last in time ORDER does exonerate Mr. Straw of ethical violations and has the effect of showing his Dkt. 25 count and similar discrimination issues in his short form complaint are justified because Indiana does appear to be abusing him based on his Camp LeJeune disability. Dkt. 49-2 has *res judicata* effect here and this Court orders all parties to cease treating the Indiana suspension order as having any binding effect on this Court except in Straw's favor.

It is so ORDERED.
Per curiam.

5