IN THE

# United States District Court for the Eastern District of North Carolina

Southern Division

| ANDREW U. D. STRAW, | ) | Case#: 7:23-cv-162-BO-BM |
|---|---|---|
| *Plaintiff,* | ) | |
| | ) | Hon. Terrence Boyle |
| v. | ) | Judge Presiding |
| | ) | Hon. Brian Meyers |
| UNITED STATES OF AMERICA, | ) | Magistrate Judge |
| *Defendant.* | ) | |
| | ) | JURY TRIAL DEMANDED |

## MOTION FOR LEAVE TO FILE MOTION FOR DECLARATORY JUDGMENT REGARDING "LAST IN TIME" *RES JUDICATA*

COMES NOW, *pro se Plaintiff* ANDREW U. D. STRAW (hereinafter "Plaintiff"), individually, make this MOTION so the Court can decide how it will treat the Indiana suspension and the Virginia State Bar exoneration later that same year, 2017:

1. The Court dismissed the previous motion for declaratory judgment (**Dkt. 49**) on September 26, 2023, per the consolidated case management ORDER in 7:23-cv-897. However, the dismissal was done **without prejudice** and with the ability to move again when appropriate for an **individual case** where the same matter will not be raised in the consolidated case. That is the situation here and so I move to allow this declaratory judgment that on the facts will apply only to me but are critically important to me.

# LAST-IN-TIME RULE

2. This Court can make declarations of law and it is appropriate to do so here to establish the legal groundwork and meaning of the Indiana suspension by my former employer. Rule 57; 28 U.S.C. § 2201.

3. The defense counsel, Mr. Anwar, has made several references (including **Dkt. 45**) to a suspension order in Indiana attacking my disability rights work in federal courts. For prospective purposes, it is important for this Court to declare precisely the status that suspension will have here.

4. There is a rule, the **Last-in-Time Rule**, that when two or more courts hold opposing views on the same subject in decisions, <u>the latter decision</u> is given *res judicata* effect. This was applied famously in *Robi v. Five Platters, Inc.*, 838 F. 2d 318, 328 (9th Cir. 1988) (there are at least 421 citations to this case)

5. See also: Ginsburg, *Judgments in Search of Full Faith and Credit: The Last-in-Time Rule for Conflicting Judgments*, 82 Harv. L. Rev. 798, **823** (1969)

6. There have been two decisions by two separate states regarding the same matters decided in my suspension, regarding how to view my losses in a handful of federal disability rights cases in which **I was not sanctioned**, only criticized. The cases Indiana chose were my very first ADA cases in federal court. Three of the four were *pro se*. NB: 18 U.S.C. § 245(b)(1)(B)

7. The first order was issued on **February 14, 2017**. *In re Straw*, 68 N.E.3d 1070 (Ind. 2/14/2017)

   https://casetext.com/case/in-re-straw

8. The second order, wholly rejecting the Indiana discipline as "having all the grace and charm of a drive-by shooting" held that I had proven that I did not violate any ethical rule, including Virginia's Rule 3.1, based on the ABA Model Rule, just like Indiana's Rule 3.1. The VSB ORDER is at **Dkt. 49-2**.

9. That Virginia decision, holding that I was innocent of ethics violations and proved it to a level of **clear and convincing evidence**, with no sanction imposed reciprocally, was issued on **June 20, 2017**. Virginia's ORDER was "last."

10. Thus, with two states in 2017 having absolutely opposite decisions about the ethics of my 4 federal disability rights lawsuits, the decision **last in time** is given *res judicata* effect under this rule.

11. Please declare that this Court will abide by the last-in-time *res judicata* rule. The 9th Circuit in *Robi* cited from Restatement (Second) of Judgments § 15 (1982) and explained the rule in this quote as follows:

> As Judge Sneed stated, **the most recent decision "is not binding because it is correct; it is binding because it is last."** *Id.* This concept of finality is central to the entire body of *res judicata* doctrine. See 18 Wright § 4403, at 15. (emphasis added)

12. The Indiana Court of Appeals has acknowledged this rule. *Northlake Nursing v. Dept. of Health*, 34 N.E.3d 268, **275 (FN3)** (Ind. Ct. App. 2015).

13. Given the Virginia State Bar, governing the Commonwealth north of North Carolina and in the 4th Circuit, **exonerated me**, and this ORDER was unambiguous and on the **same exact topic**, VSB's ORDER is a final judgment that commands *res judicata* effect because VSB's ORDER is <u>last in time</u>.

WHEREFORE, the Court should declare that Virginia's exoneration ORDER (**Dkt. 49-2**), <u>last in time</u>, is the one with *res judicata* effect and the DOJ attorneys citing to Indiana's order must abide by this law going forward without implying that Indiana's ORDER has any effect at all *against me* in this District Court or this proceeding.

I, *pro se plaintiff* Andrew U. D. Straw, verify that the above factual contentions and statements are true and correct to the best of my knowledge, information, and belief, on penalty of perjury. Signed: **October 5, 2023**.

Respectfully,

*/s/ Andrew U. D. Straw/*

s/ ANDREW U. D. STRAW

712 H ST NE, PMB 92403
Washington, D.C. 20002
Telephone: (847) 807-5237
andrew@andrewstraw.com

## CERTIFICATE OF SERVICE

I, Andrew U. D. Straw, certify that on **October 5, 2023**, I sent this **MOTION.** I sent this document via U.S. Mail to the Clerk of Court on **October 5, 2023**. CM/ECF will serve the defendants when the Clerk scans this document.

Respectfully submitted,

*/s/ Andrew U. D. Straw/*

s/ ANDREW U. D. STRAW
*Pro Se Plaintiff*
712 H ST NE, PMB 92403
Washington, D.C. 20002
Telephone: (847) 807-5237
andrew@andrewstraw.com