IN THE

# United States Court of Appeals
# for the Fourth Circuit

Appellate Cause#:

| | |
|---|---|
| ANDREW U. D. STRAW, )<br>   *Petitioner, Plaintiff Below*, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>   *Respondent, Defendant Below*. ) | Interlocutory Appeal from<br>Eastern District of N.C.<br>Case#: 7:23-cv-162-BO-BM<br>Hon. Terrence Boyle<br>Judge Presiding |

### PETITION FOR INTERLOCUTORY RELIEF: MITIGATION OF DAMAGES

COMES NOW, *pro se Plaintiff* ANDREW U. D. STRAW (hereinafter "Plaintiff"), individually, a Camp LeJeune poisoning victim, requested leave to file a motion for health care and education relief (**Dkt. 56**) and was denied without any explanation or reasons at all, so I petition this Court for reversal of the **Dkt. 59** ORDER below such that I have health care, cancer screening, and education benefits to protect and partially restore me (**mitigation**) as I wait for the full justice, *to wit*:

### FACTS & REQUESTS

1. I, Andrew U. D. Straw, was born at Camp LeJeune Naval Hospital (CLNH) on March 19, 1969.[1]

---

[1] *Straw v. Wilkie*, 32 Vet. App. 374, 375 (2020) *Straw v. Wilkie*, 20-2090, 843 F. App'x 263 (Fed. Cir. 1/15/2021).

2. My mother and I for my birth were in the Naval Hospital as in-patients from March 19-22, 1969. We were present either *in utero* or in person from 12/19/1968 to 7/24/1970, during the middle of the Camp LeJeune toxic time.

3. It is a biological fact that when I was present at Camp LeJeune during the toxic water time and was exposed to the poisonous water, ½ of my daughter's genes were also present in my nascent gametes.

4. My mother died of a Camp LeJeune breast cancer while I was a 2L in Law School at IU-Maurer School of Law in Bloomington, Indiana. I was on the Dean's List in the year my mother died and was the Dean's research assistant.[2]

5. **Female breast cancer** is listed on the Leadership Counsel webpage FAQ.

6. https://camplejeunecourtinfo.com/faq/

7. My daughter was the first person in my family to have scoliosis requiring treatment, so severe that she used a torso brace from ages 6 to 13, nearly 24 hours a day that entire time. Then, she required a major open spine surgery to correct the severe curvature of her spine and halt the progression with a titanium rod and screws. She was 13 in 2011 when this was done.

8. My father has had tumors removed from his head, torso, and limb recently.

9. My Navy JAG CLJA Claim#: **CLS23-004519**

10. My mother's Estate's Navy JAG CLJA Claim#: **CLS23-005185**

11. Both of these were filed in 2022.

---

[2] *Straw v. LinkedIn*, 5:22-cv-7718-EJD (N.D. Cal. 2023) **(Dkt. 22-35)** https://www.courtlistener.com/docket/66619947/straw-v-linkedin-corp/

12. I filed my daughter's Navy JAG CLJA Claim on **8/20/2023**. It will be administratively ripe for a lawsuit on **February 26, 2024**, the 27th anniversary of my mother's death from her Camp LeJeune breast cancer (**2/26/1997**).

13. These three claims are integrally connected with the same fact background.

14. Since "female breast cancer" is already on the list of conditions Leadership Counsel say is connected to the poisons, that condition is likely to result in a bellwether trial. Of course, in this case, the condition resulted in death, so that is a **wrongful death** case.

15. Animal studies have shown that the TCE in the water at Camp LeJeune caused scoliosis in animals.[3]

16. My mother's cancer started in the breast, spread to her spine, then lungs, then brain before killing her. I was there and watched her decline and then die, along with her new husband, who experienced this after marrying her in 1996.

17. Thus, 3 generations of my family have experienced **injury to the CNS, spine, and brain** from Camp LeJeune toxic water exposure.

18. I have been diagnosed (Dkt. 55, pp. 3-4) with **6 different critical and painful mental or CNS conditions** (bipolar disorder, depression, schizophrenia, anxiety, "autistic thinking," and migraine headaches with auras).[4] I was in a

---

[3] https://hero.epa.gov/hero/index.cfm/reference/details/reference_id/632863

https://www.science.gov/topicpages/t/taste-blind+medaka+fish

[4] *Straw v. LinkedIn*, (Dkts. 22-29, 22-30, 22-31, 22-37)
https://www.courtlistener.com/docket/66619947/straw-v-linkedin-corp/

3

car accident[5] made 66% more likely[6] by having this bipolar brain condition, according to medical research, but insurance did not cover the full damage.

19. Stigma based on my Camp LeJeune bipolar and other conditions (**Dkt. 58, ¶¶17 & 19, FN3, FN4, & FN5**) has wrecked my law career.

20. I live with both my legs broken, my pelvis broken, and my ribs, hand, and facial bones broken because of that reckless driver as I drove to the Indiana Supreme Court to work. Instead of compassion, just a few months later, the Court fired me with insults. That hostility led eventually to suspension of my Indiana law license in 2017 and never giving it back. (*See*, **Dkt. 57-4, 57-2**).

21. The poverty my former employer, the Indiana Chief Justice, inflicted on me caused me to be unable to get malpractice insurance[7] in Virginia and eventually my UNSANCTIONED for 22 years VSB law license was too expensive for me to maintain and thus I had to resign it in 2021 after earning it while working as corporate counsel for a WWII silver star winner and billionaire.[8] And of course, I earned my Indiana law license in 2002 while

---

[5] *Straw v. LinkedIn*, 5:22-cv-7718-EJD (N.D. Cal. 2023) (**Dkts. 22-26, 22-27, 22-28**) https://www.courtlistener.com/docket/66619947/straw-v-linkedin-corp/

[6] (**Dkt. 58 BELOW, ¶20, FN6**)

[7] *Straw v. Aon*, 2:19-cv-598 (D.UT 2019)

[8] *Straw v. LinkedIn*, 5:22-cv-7718-EJD (N.D. Cal. 2023) (**Dkt. 22-42**) https://www.courtlistener.com/docket/66619947/straw-v-linkedin-corp/

4

working for the Indiana Chief Justice, providing services to 400+ courts in the State of Indiana, suffering from 6 Camp LeJeune mental illnesses, and with bones broken from head to ankle from that reckless driver on the way to the Supreme Court to work. There is literally no one else like me in Indiana judicial branch history. Indiana treated that uniqueness and exceptional sacrifices from the crimes[9] of others as **a reason to ruin my life and my career**. They forced me into poverty, living on SSDI.[10]

22. While Indiana paints a picture of my incompetence and suspended me for incompetence in 2017, the Fourth Circuit U.S. Court of Appeals has never sanctioned me in 24 years and I remain a member of the bar of the Fourth Circuit.[11]

23. I have asked the Court below to put out this raging fire of discrimination against me with a simple recognition that the Virginia State Bar has exonerated me with a *Last in Time* ORDER. Dkts. 49-2, 58. PENDING.

24. The DOJ of the Philippines has been watching this closely and has allowed me to stay in their country for 5 years with asylum seeker status because of how American courts (state and federal) have discriminated against me and injured

---

[9] *Straw v. LinkedIn*, 5:22-cv-7718-EJD (N.D. Cal. 2023) **(Dkt. 22-3)**

https://www.courtlistener.com/docket/66619947/straw-v-linkedin-corp/

[10] *Straw v. LinkedIn*, **Dkts. 22-32, 22-33.**

https://www.courtlistener.com/docket/66619947/straw-v-linkedin-corp/

[11] https://www.ca4.uscourts.gov/AttorneyBarAndECFStatus/rptN0046ActiveAttorneyss.pdf

5

me with no means of legal recourse up to now, including ruining my law licenses with long suspensions not justified at all.[12]

25. My mother's cancer went into her **spine and brain** before killing her. My daughter's **spine** was injured and burdened her and her activities her entire childhood.[13]

26. Camp LeJeune's poisons hit the **spine and brains of 3 generations of my family** with horrific effects on health, career, family and personal relationships, absolutely every area of life for all 3 of us. Including my mother's death.

27. Before Indiana ripped into my law licenses[14] as retaliation for my own ADA complaints[15] about my former employer, I was licensed to practice law at either the state or federal level in six states (IL, IN, MD, VA, W. VA, NC, & SC). I

---

[12] http://cpa.andrewstraw.com

[13] X-rays of Ava Straw before and after her spinal surgery in 2011 in Dunedin Hospital, New Zealand. Ava's NZ Health System National Number: **RND5435**



[14] http://property.andrewstraw.com

[15] *Straw v. LinkedIn*, **Dkts. 22-5, 22-6**.

6

documented how Indiana abused me with 58 exhibits in the *Straw v. LinkedIn* case. LinkedIn had banned me for criticizing how Indiana courts banned me!

28. I represented my mother's estate and my daughter in MDL-2218 and made virtually the same exact claim under FTCA that I am making here. I was allowed to do that because I was admitted to federal courts in Indiana and Illinois in 2014 & 2015. We lost when we should not have lost. The DOJ had the opportunity to do right by us as a family and individually, but Mr. Bain argued against us and the MDL-2218 court dismissed the case on 12/5/2016.

29. MDL-2218's legal errors were reversed with the Camp LeJeune Justice Act.

30. I asked for leave to make a motion for health care payments of $4000 per month and an educational benefit of $2400 per month. **Dkt. 56.**

## MITIGATION ATTEMPTS DENIED

31. These modest request represent **mitigation attempts** and my effort to prevent the damage from getting even worse to me personally.

32. The Court below in the Eastern District of North Carolina is limited in its ability to say no to such mitigation requests by the standard of <u>**arbitrary and capricious**</u> denial.

33. But arbitrary and capricious denial is what has happened here. I demonstrated that my family and I <u>**are victims**</u> and I was denied health care and education mitigation benefits **without any explanation at all**, only a simple statement that I had not made the necessary showing for leave to file. ORDER at **Dkt. 59.**

34. After struggling with bad court decisions in **MDL-2218** and having to go to Congress to undo that injustice, and having been denied health care in the Camp LeJeune Family Member Program (litigated 2014-2021) over where my family **slept at night while we used the toxic base during the day** for 583 days, this ORDER at **Dkt. 59** is inexplicable and very disappointing.

35. I live in poverty on SSDI. I have NO HEALTH CARE now. My request is basic and natural to ask, critical to my mitigation as demanded by the government at Dkt. 17, and the Court below is not allowed to simply say no as it did.

36. I ask for treatment for my 6 mental illnesses, plus cancer screening on a regular basis, plus screening for the other conditions that the toxic water may cause in me.

37. For instance, I have some of the symptoms of nascent **Parkinson's Disease**.

38. With the government demanding that I **mitigate[16] the damage**, the Court below was not in a position to deny me on my toxic water exposure and injury facts when I made my motion for health care and education payments at **Dkt. 56**. I even asked for this relief as **a loan** from the government to be repaid from my damage award. **This ain't welfare** and the Court below needs to be overturned with instructions that *any person* who has facts like mine needs to be granted the same **cancer and other screening and health payments** as well as **education benefits** to **mitigate damages**, including ongoing disability discrimination

---

[16] Dkt. 17 Below, "Answer," Affirmative Defense #13.

damages, as <u>a loan</u> to be repaid from a highly likely future CLJA damage award.

39. The relief here is **URGENT** and may be a matter of life or death for me. Thus, the damage the government may have to pay could be even greater with my untimely death from my exposure, which I made abundantly clear in **Dkt. 56**.

40. I request this interlocutory appeal to be done *in forma pauperis* as I have requested of the Court below, which has not even touched the issue since I demanded *IFP* status in February. **Dkt. 2.**

41. The Court has already recognized my *IFP* status in my petition regarding this same matter at case **23-1120**.

42. I attach the ORDER at Dkt. 59, but I rely on the case record per FRAP Rule 24 for people who use the Court *IFP*.

WHEREFORE, I PETITION this Court to find that the denial ORDER at Dkt. 59 below is arbitrary and capricious, baseless in comparison with my facts, and that my relief in Dkt. 56 will be granted as a loan against my future damage award to mitigate damage to me as the government demands that I do. I must ask for this relief at risk of being accused by the government lawyers of not attempting to mitigate. REQUEST: $4,000 for health payments and $2,400 for graduate education, monthly.

I, *pro se plaintiff* Andrew U. D. Straw, verify that the above factual contentions and statements are true and correct to the best of my knowledge, information, and belief, on penalty of perjury. Signed: **October 24, 2023.**

Respectfully,

*/s/ signature/*

s/ ANDREW U. D. STRAW

712 H ST NE, PMB 92403
Washington, D.C. 20002
Telephone: (847) 807-5237
andrew@andrewstraw.com


## CERTIFICATE OF SERVICE

I, Andrew U. D. Straw, certify that on **October 24, 2023**, I sent this **PETITION.** I sent this document via CM/ECF to the Clerk of Court on **October 24, 2023**. CM/ECF will serve the defendants, but I will provide a courtesy copy to defendant's U.S. DOJ counsel with appearances below:

1. Haroon Anwar, haroon.anwar@usdoj.gov
2. Elizabeth Platt, Elizabeth.platt@usdoj.gov
3. Allison O'Leary, allison.o'leary@usdoj.gov

Respectfully submitted,

*/s/ signature/*

s/ ANDREW U. D. STRAW
*Pro Se Plaintiff*
712 H ST NE, PMB 92403
Washington, D.C. 20002
Telephone: (847) 807-5237
andrew@andrewstraw.com

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:23-CV-00162-BO

| | |
|---|---|
| ANDREW U.D. STRAW ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| UNITED STATES OF AMERICA ) | |
| Defendant. ) | |

On 5 October 2023, plaintiff Andrew U.D. Straw moved to seek leave to refile two motions that were denied without prejudice pursuant to Case Management Order No. 2, *In re: Camp Lejeune Water Litigation*, 7:23-CV-00897. [DE 56]. Under that Order, no plaintiff may file any motion without either permission from Plaintiffs' Leadership or leave of Court for good cause shown.

After reviewing the motions and all relevant matters, this Court concludes that plaintiff has failed to show good cause. The Court, in its discretion, therefore DENIES plaintiff's motion for leave to refile, [DE 56].

SO ORDERED, this 23 day of October 2023.

_____
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE