RECEIVED
JAN 30 2024
PETER A. MOORE, JR., CLERK
US DISTRICT COURT, EDNC

IN THE

# United States District Court for the Eastern District of North Carolina

Southern Division

| | | |
|---|---|---|
| ANDREW U. D. STRAW, *Plaintiff,* | ) ) ) ) ) ) ) ) ) | Case#: 7:23-cv-162-BO-BM<br><br>Hon. Terrence Boyle<br>Judge Presiding<br>Hon. Brian Meyers<br>Magistrate Judge<br><br>JURY TRIAL DEMANDED |
| v. | | |
| UNITED STATES OF AMERICA, *Defendant.* | | |

## NOTICE RE MOTION FOR PAYMENT OF PUBLISHING AND FILING FEES TO MITIGATE POISONING DAMAGE

COMES NOW, *pro se Plaintiff* ANDREW U. D. STRAW (hereinafter "Plaintiff"), individually, make this NOTICE RE my efforts to publish and file a petition for writ of certiorari to the U.S. Supreme Court to mitigate law career damages under CLJA:

1. I claim in my **Dkt. 55** short form complaint (SFC) that my Camp LeJeune mental illnesses harmed my law career.

2. The Indiana Supreme Court, for instance, bans *all* people with disabilities from the legal profession in that state. **Ind. Adm. & Disc. R. 23, Secs. 2(c) & 3(b).** This also means no Indiana judge will have this kind of civil rights diversity despite there being a blind state supreme court justice in Michigan, a deaf bar at the U.S. Supreme Court, and 60% of Harvard Law School students were revealed as having mental health problems recently. Not to mention the fact that about 50% of American presidents have suffered mental illness and FDR

was paralyzed and used a wheelchair as a lawyer, state governor of New York, and president of the United States, elected 4 times, more than any other president. Indiana sees anyone who has a disability as being incompetent and unworthy of this profession. This while the ABA has a Commission on Disability Rights and a spotlight webpage listing scores of disabled attorneys and judges considered to be **"assets to the profession of law."** I was one of these ABA spotlight attorneys and was featured for the month of January 2014. *Straw v. LinkedIn*, 5:22-cv-7718-EJD (N.D. Cal. 2023) **(Dkt. 39)**

3. I have explained this Indiana suspension situation many times, including in my **Dkt. 57-4** motion with **Dkt. 49-2** proof and supported by my VSB exoneration and the exoneration words of my national property expert. *Straw v. LinkedIn*, 5:22-cv-7718-EJD (N.D. Cal. 2023) **(Dkts. 22-21, 22-22)**

4. I have not only lost jobs, but also **5 law licenses** to this mess which has roots in my poisoning *in utero* and as an infant for 19 months at Camp LeJeune.

## MITIGATION OF DAMAGES

5. The government has asked me to mitigate damages **(Dkt. 17)** and threatens that I should not have CLJA relief unless I try to do so. *I have been trying.*

6. The U.S. Supreme Court has been unwilling to give me its honest services and thus has denied me certiorari 13x when almost all had something to do with the Indiana suspension in one way or another. The highest court in the land has tired of me pressing my rights under the Constitution and laws of this nation and asking fairness rather than disability bias. I am now unable to use

2

the *In Forma Pauperis* status after an unsubstantiated and false accusation that I have abused process. *Straw v. United States*, 21-6713 (2/22/2022)

7. I am unable to pay for the petition for writ of certiorari publishing by Supreme Court Press and the $300 filing fee on the SSDI poverty income that the United States has forced upon me by failing to protect my rights.

8. I am boxed into a corner and I want this Court to know I am so boxed so I am not accused of not having tried to mitigate these property injuries that have roots in my Camp LeJeune poisoning. I vehemently opposed these attacks.

9. My second Navy JAG claim, filed in November 2022, was focused on the damage to my law career, including **7 years of bogus law license suspension** that spread to 5 law licenses.

10. I have been proactive in resisting the law license property damage and asked Indiana courts in 2021 to pay me compensatory Takings Clause damages under the 5th Amendment, 14th Amendment, and the Indiana Bill of Rights equivalent, Ind. Const. Art. 1, Section 21.

11. An Indiana trial judge said on 4/4/2022 that law licenses are royal privileges that have no constitutional property interest attached. The Court of Appeals did not agree, holding that law licenses *are* property covered by the Takings Clause. However, I was not allowed this right because the Indiana Court of Appeals on 8/15/2023 also held that to provide Takings Clause damages, it would involve reviewing an attorney discipline, which the lower Indiana

3

Courts were not willing to do. Another state, Virginia, wholly and completely rejected this Indiana law license suspension. (**Dkt. 49-2** in this CLJA lawsuit)

12. Other federal courts were willing to reciprocally suspend me without any hearing based on reviewing that Indiana Supreme Court discipline, but no court was willing to review it to do a single thing to help me, except the Virginia State Bar. Only **hurting me repeatedly** justified noticing what Indiana had done according to these courts. http://property.andrewstraw.com

13. This process has been wildly one-sided against me like a black list. The courts have been completely biased against me as a former employee of the Indiana Supreme Court with Camp LeJeune mental illnesses known to Indiana since 2001 and my bar application. *Straw v. LinkedIn*, **Dkts. 22-36, 22-38**.

14. Courts routinely refuse me their honest services. I am out 5 law licenses which my national property expert says are worth **$5 million**. *Straw v. LinkedIn*, **Dkt. 22-22**.

15. Justice Barrett at the U.S. Supreme Court has given me until **February 16, 2024**, to file my petition for writ of certiorari. *Straw v. Indiana*, 23A520.

16. This Court can review my DRAFT PETITION and APPENDIX in another federal appeal docket. *Straw v. U.S.*, 23-16039 (9th Cir.) (**Dkts. 16-3 & 16-4**)

17. My Supreme Court Press invoice shows the cost to publish would likely be around $4,000 depending on the total work to be done. *Straw v. U.S.*, 23-16039 (9th Cir.) (**Dkt. 16-2**). I asked the 9th Circuit to order the United States to pay

4

Case 7:23-cv-00162-BO-BM   Document 72   Filed 01/30/24   Page 4 of 5

these costs on an urgent basis so my Takings arguments are presented and mitigation is accomplished. I at least made a *bona fide* attempt to mitigate.

18. However, it is wholly outside of my control if the 9th Circuit will make a timely ORDER on an urgent basis to protect me and ensure my petition is properly filed with the U.S. Supreme Court. Otherwise, this remains CLJA damage.

WHEREFORE, I make this NOTICE to inform this Court that I have done my level best to reduce the damage Indiana caused me to these 5 law licenses rooted in my Camp LeJeune mental illnesses, and so I have tried to mitigate this per **Dkt. 17**.

I, *pro se plaintiff* Andrew U. D. Straw, verify that the above factual contentions and statements are true and correct on penalty of perjury. Signed: **January 23, 2024**.

Respectfully,

*/s/ Andrew U. D. Straw/*

s/ ANDREW U. D. STRAW

9169 W STATE ST #690  Telephone: (847) 807-5237
Garden City, ID 83714  andrew@andrewstraw.com

## CERTIFICATE OF SERVICE

I, Andrew U. D. Straw, certify that on **January 23, 2024**, I sent this **NOTICE**. I sent this document via U.S. Mail to the Clerk of Court on **January 23, 2024**. CM/ECF will serve the defendants when the Clerk scans this document.

*/s/ Andrew U. D. Straw/*

s/ ANDREW U. D. STRAW
9169 W STATE ST #690  Telephone: (847) 807-5237
Garden City, ID 83714  andrew@andrewstraw.com